**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**TUNNEL IP LLC,**

      Plaintiff,

      v.

**THE SINGING MACHINE COMPANY, INC.,**

      Defendants.

Civil Action No.: 0:22-cv-60834

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes Plaintiff, Tunnel IP LLC ("Plaintiff" or "Tunnel IP"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C."), to prevent and enjoin Defendant The Singing Machine Company, Inc. (hereinafter "Defendant") from infringing and profiting from, in an illegal and unauthorized manner and without authorization and/or consent from Plaintiff, U.S. Patent No 7,916,877 (the "'877 Patent" or "Patent-in-Suit"), which is attached as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.      Plaintiff is a Texas limited liability company, with its principal place of business at 6009 West Parker Road, Suite 149-1073, Plano, Texas 75093-8121.

3.      Upon information and belief, Defendant is a corporation organized under the laws of Delaware and maintains a physical presence in this judicial district through its offices located at 6301 NW 5th Way, Suite 2900, Fort Lauderdale, FL 33309. Upon information and belief,

Defendant may be served with process c/o Gary Atkinson, 6301 NW 5ᵗʰ Way, Suite 2900, Fort Lauderdale, FL 33309.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its physical presence in this District, as well as because the injury to Plaintiff and the cause of action alleged by Plaintiff has arisen in this District, as alleged herein.

7.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) committing at least a portion of the infringements alleged herein in this judicial District; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) its physical presence in this District.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b), because Defendant resides in this district. See *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017); *In re Google, LLC*, No. 2019-126, 2020 U.S. App. LEXIS 4588 (Fed. Cir. Feb. 13, 2020).

**FACTUAL ALLEGATIONS**

9.      On March 29, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '877 Patent, entitled "Modular interunit transmitter-receiver for a portable audio device" after a full and fair examination. The '877 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

10.      Plaintiff is presently the owner of the '877 Patent, having received all right, title and interest in and to the '877 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '877 Patent, including the exclusive right to recover for past infringement.

11.      To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

12.      The Abstract of '877 Patent teaches a method of operation for a switching component forming a part of a modular audio unit comprising an inter-unit communication component providing inter-unit communications with at least one peer system. See Ex. A, at Abstract.

13.      As identified in the '877 Patent, prior art systems designed to enable multi-person use had technological faults. See Ex. A at Cols. 1 & 2.

14.      More particularly, the '877 Patent identifies that if an audio device were to be integrated with inter-unit communications, it would require re-engineering existing audio players and did not permit them to be reusable between players. Ex. A at Col.54:65-55:3.

15.      Claim 17 of the '877 Patent recites "a method of operation for a switching component forming a part of a modular audio unit comprising an inter-unit communication component providing inter-unit communications with at least one peer system, comprising: receiving first

3

signals corresponding to first entertainment content from a player device; receiving second signals corresponding to second entertainment content from the inter-unit communication component; and selectively outputting the first signals and the second signals to a playback component wherein the player device and the playback component are separate from one another and wherein both the player device and the playback component are external to the modular audio unit." Ex. A at Col.62:24-40.

16. Claim 19 of the '877 Patent recites "the method of claim 17, wherein the playback component comprises a speaker. Ex. A at. Col.62:45-46.

17. Claim 20 of the '877 Patent recites "the method of claim 17, wherein the second entertainment content is entertainment content received by the inter-unit communication component from a peer system from the one or more peer systems, and selectively outputting comprises outputting the second signals corresponding to the second entertainment content received from the peer system to the playback component." Ex. A. at Col.62:47-54.

18. Based on the foregoing assertions, Claims 17, 19, and 20 of the '877 Patent provide non-abstract ideas and unconventional inventive concepts and are a practical application of the invention as described in the specification.

19. In the alternative and at the very least, whether Claims 17, 19, and 20 of the '877 Patent provide a non-abstract idea, unconventional inventive concepts, or practical applications thereof as described in the specification is a genuine issue of material fact that must survive the pleading stage. See *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018) (reversing grant of motion to dismiss).

20. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '877 Patent. More particularly, Defendant commercializes, inter alia,

methods that perform all the steps recited in Claims 17, 19, and 20 of the '877 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claims 17, 19, and 20 of the '877 Patent.

## DEFENDANT'S PRODUCTS

21.     Defendant offers products, such as Defendant's "SDL2093 STUDIO" (the "Accused Product")[1], that include an inter-unit communication component providing inter-unit communications with at least one peer system, which comprises: receiving first signals corresponding to first entertainment content from a player device; receiving second signals corresponding to second entertainment content from the inter-unit communication component; and selectively outputting the first signals and the second signals to a playback component, wherein the player device and the playback component are separate from one another, and both the player device and the playback component are external to the modular audio unit.

22.     A non-limiting and exemplary claim chart comparing the Accused Product to Claim 17, 19 and 20 of the '877 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

23.     For example, as recited in one step of Claim 17, the Accused Product practices a method of operation for a switching component (e.g., the component of the accused product which switches the input source from a line in jack to Bluetooth, or vice versa, among other possible switching scenarios) forming a part of a modular audio unit (e.g., the accused product) comprising an inter-unit communication component (e.g., Bluetooth of   the accused product for

---

[1] The Accused Product is just one of the products provided by Defendant, and Plaintiff's investigation is on-going to additional products to be included as an Accused Product that may be added at a later date.

communication with other Bluetooth devices) providing inter-unit communications (e.g., Bluetooth communication) with at least one peer system (e.g., smartphone). See Ex. B.

24.     Further, as recited in another step of Claim 17, the Accused Product receiving first signals (e.g., line in jack signals) corresponding to first entertainment content (e.g., content from portable audio player via line in jack) from a player device (e.g., external audio device). See Ex. B.

25.     Additionally, as recited in another step of Claim 17, the Accused Product practices receiving second signals (e.g., audio signals via Bluetooth from a smartphone) corresponding to second entertainment content (e.g., audio content from the Bluetooth paired device) from the inter-unit communication component (e.g., Bluetooth chip of SDL2093 for communication with other Bluetooth devices). See Ex. B.

26.     As recited in another step of Claim 17, the Accused Product practices selectively outputting the first signals (e.g., audio signals via line in jack from an external audio device) and the second signals (e.g., audio content from the Bluetooth paired smartphone) to a playback component (e.g., headphones) wherein the player device (e.g., external audio device) and the playback component (e.g., headphones) are separate from one another and wherein both the player device and the playback component are external to the modular audio unit (e.g., the Accused Product). As shown in Exhibit B, the playback component (e.g., headphones), player device (e.g., external audio device), and modular audio unit (e.g., the Accused Product) are all individual separate components. See Ex. B.

27.     As recited in Claim 19, the playback component utilized by the Accused Product comprises a speaker (e.g. Headphones). See Ex. B.

28.     As recited in Claim 20, the Accused Product's second entertainment content is entertainment content (e.g., audio content from the Bluetooth paired smartphone) received by the inter-unit communication component from a peer system (e.g., Bluetooth of the accused product for communication with other Bluetooth devices) from the one or more peer systems (e.g., various Bluetooth based devices ), and selectively outputting comprises outputting the second signals (e.g., received Bluetooth signals) corresponding to the second entertainment content (e.g., audio content from the Bluetooth paired smartphone) received from the peer system (e.g., the smartphone) to the playback component (e.g., headphones). See Ex. B.

29.     The elements described in the preceding paragraphs are covered by at least Claims 17, 19, and 20 of the '877 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '877 Patent.

## INFRINGEMENT OF THE PATENT-IN-SUIT

30.     Plaintiff realleges and incorporates by reference all the allegations set forth in the preceding paragraphs.

31.      In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '877 Patent.

32.     Defendant has had knowledge of infringement of the '877 Patent at least as of the service of the present Complaint.

33.      Defendant has directly infringed and continues to directly infringe at least one claim of the '877 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '877 Patent, Plaintiff has been and continues to be damaged.

34.     Defendant has induced others to infringe the '877 Patent, by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

35.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '877 Patent, pursuant to 35 U.S.C. § 271.

36.     Defendant has committed these acts of infringement without license or authorization.

37.     As a result of Defendant's infringement of the '877 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

38.     Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

39.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts depicted in Exhibits B and C are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## **DEMAND FOR JURY TRIAL**

40.     Plaintiff demands a trial by jury of any and all causes of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a.   That Defendant be adjudged to have directly infringed the '877 Patent either literally or under the doctrine of equivalents;

b.   An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c.   That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '877 Patent;

d.   An award of damages pursuant to 35 U.S.C. §284, sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e.   An assessment of pre- and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f.   That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g.   That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: April 29, 2022

Respectfully submitted,

SAND, SEBOLT & WERNOW CO., LPA

*/s/ Howard L. Wernow*
Howard L. Wernow, B.C.S.
Fla Bar No. 107560
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Email: howard.wernow@sswip.com

*Board Certified in Intellectual Property Law*
*by the Florida Bar*

ATTORNEYS FOR PLAINTIFF